## QUINN v. DAVIS et al.*

Circuit Court of Appeals, Fifth Circuit. May 7, 1928.

No. 5069.

1. **Principal and agent** ⚙69(3)—**Agent cannot purchase and retain land of principal, without making full disclosure of facts within his knowledge regarding value.**

An agent is bound to the utmost good faith, and cannot purchase and retain land of his principal, if he does not make full disclosure of all facts and circumstances within his knowledge regarding its value.

2. **Principal and agent** ⚙69(3)—**Agent, purchasing oil lease without disclosing to principal that producing well had been brought in nearby, held guilty of bad faith authorizing cancellation.**

Agent, purchasing oil lease from nonresident principal without disclosing fact that producing

*Rehearing denied June 18, 1928.

well had been brought in, in close proximity to land, materially increasing its value, held guilty of extreme bad faith, authorizing cancellation of lease.

Appeal from the District Court of the United States for the Eastern District of Texas; William I. Grubb, Judge.

Suit by Rozina P. Davis and husband against B. E. Quinn. Decree for plaintiffs, and defendant appeals. Affirmed.

Oliver J. Todd and J. Austin Barnes, both of Beaumont, Tex. (Morris & Barnes, A. D. Moore, and Charles S. Pipkin, all of Beaumont, Tex., on the brief), for appellant.

W. R. Blain, of Beaumont, Tex., and J. O. Davis, of Donna, Tex. (Blain & Jones, of Beaumont, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellees brought suit in equity to cancel an oil lease of certain land owned by Mrs. Davis, on the ground that appellant, while acting as their agent for the sale of the land, had concealed material facts bearing upon its value, and had thereby induced them to execute a lease to him in the belief that the transfer was for a fair price to a third party. Appellant denied agency and relied on the transfer as in good faith to himself. A decree was entered canceling the lease and for a money judgment in favor of appellees.

The record supports the following conclusions as to the material facts:

Appellees, J. O. Davis and his wife, residing in California, were owners of certain interests in oil lands in what had been known as the Spindle Top field, near Beaumont, Tex. A further development of the field, after it was supposed to have been exhausted, by the drilling of deep wells, made it probable that their holdings were valuable. Davis inserted an advertisement in a Beaumont paper offering the land for sale, and appellant, Quinn, who is a real estate agent, wrote to him, requesting that the land be listed with him for sale, and an agreement to that effect was entered into; Quinn to receive 5 per cent. commission. The most valuable parcel of the land consisted of about 1½ acres in what was known as manufacturing block No. 12. The Yount-Lee Oil Company had acquired rights in said block and were drilling wells, in close proximity to said lot, which were expected to be producing. Davis and wife were in California, and were not advised as to the local de-

velopments. Quinn, with full knowledge, not only concealed the true facts about the development, but wrote and wired Davis misleading statements. In March, 1926, while the development by the Yount-Lee Company was going on, Quinn induced Davis to execute a lease to him at a bonus of $400 per acre. He had previously had some negotiations with the Yount-Lee Company to transfer this lease as soon as he received it. The lease was sent to the City National Bank of Beaumont, with instructions to deliver it to Quinn on payment of the bonus.

On April 11th the Yount-Lee Company brought in a producing well in close proximity to the land of appellees, which materially increased its value. Davis heard about it, and on the 21st of April wired to Quinn that all propositions were withdrawn, and that he would be in Beaumont the following Tuesday. At the same time he wired the bank to hold all the papers. April 21st was a legal holiday, and the bank did not receive the telegram. Quinn received his on the 21st, but nevertheless the next morning he went to the bank before banking hours, and before there had been an opportunity for it to receive Davis' telegram, made the payments stipulated, and took up the lease. He subsequently transferred the lease to the Yount-Lee Oil Company for a bonus of $2,000 per acre and an overriding royalty of $\frac{1}{64}$ of all oil produced.

[1, 2] It is elementary that an agent is bound to the utmost good faith, and cannot purchase and retain the land of his principal, if he does not make full disclosure of all facts and circumstances within his knowledge regarding its value. The facts just stated make out a case of extreme bad faith on the part of appellant, and support the decree entered.

Affirmed.